**NOT FOR PUBLICATION**                          **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REGINALD BROWN, et al.,<br><br>Defendants. | Civil Action No.: 09-0006 (JLL)<br><br>**ORDER** |

This matter comes before the Court on a motion for summary judgment against Defendant Reginald Brown filed by Plaintiff. The motion is unopposed, and the Court decides it without oral argument pursuant to Federal Rule of Civil Procedure 78. The Court has read Plaintiff's submission and reviewed the record in this case and finds that:

1. On October 2, 2006, a delegate of the Secretary of Treasury of the United States made assessments totaling $55,480 against Mr. Brown. (Mem. in Support of United States' Mot. for Summ. J. Against Reginald Brown, Stmt. of Mat'l Facts, ¶ 1.)

2. Plaintiff has certified that Mr. Brown was given proper notice and a demand for payment of the assessments in accordance with 26 U.S.C. § 6303. (Id., at ¶ 3.)

3. Mr. Brown has failed to pay the assessments. (Id., at ¶ 2.) As of February 8, 2010, the amount owed totaled $60,175.05. (Id.)

4. On December 5, 2006, Plaintiff filed a notice of federal tax lien against Mr. Brown with the County Clerk for Middlesex County, New Jersey. (Id., at 5.)

5. Mr. Brown owns real property located in Middlesex County at 325 Leslie Avenue, Piscataway, New Jersey. (Id., at 4.)

6. On October 8, 2009, Plaintiff entered into a stipulation with Defendant Wells Fargo Bank ("Wells Fargo"), a holder of a mortgage lien on Mr. Brown's

Piscataway property, that "established that the federal tax liens . . . are junior and inferior to Wells Fargo's mortgage lien," and that, "[i]f the [Piscataway property] is sold by the United States, Wells Fargo Bank shall be paid from the proceeds of the sale." (Id., at ¶ 6.)

7. "It is well established in the tax law than an assessment is entitled to a legal presumption of correctness." United States v. Fior D'Italia, 536 U.S. 238, 242-43 (2002); see also United States v. Green, 201 F.3d 251, 253 (3d Cir. 2000) ("Assessments are presumed to be valid, and establish a prima facie case of liability against a taxpayer."). This presumption of correctness shifts the burden of proof to the defendant to demonstrate that the assessments were incorrect; on a motion for summary judgment, "the defendant needs only to establish the existence of a genuine issue of material fact with regard to the validity or correctness of the assessments." United States v. Jones, 877 F. Supp. 907, 913 (D.N.J. 1995), aff'd 74 F.3d 1228 (3d Cir. 1995). Mr. Brown has submitted no opposition to the present motion and has not responded to Plaintiff's discovery requests, (see Pl.'s Mem., at 7). Therefore, Mr. Brown has not met his burden to rebut the presumption of correctness of the assessments; no genuine issue of material fact regarding the correctness of the assessments exists. The Court finds that the assessments were proper.

8. "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321; see also United States v. Nat'l Bank of Commerce, 472 U.S. 713, 719-20 (1985) ("The statutory language 'all property and rights to property,' appearing in § 6321 . . . is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have."). Thus, because of Mr. Brown's failure to pay the assessments after payment was properly demanded, a lien in favor of Plaintiff attached to his Piscataway property.

9. After "there has been a refusal and neglect to pay" an assessment by a taxpayer, the United States may enforce its lien through foreclosure and sale of property. 26 U.S.C. §§ 7403(a), (c). Therefore, Plaintiff may enforce its lien through sale of Mr. Brown's Piscataway property, and summary judgment is favor of Plaintiff is granted.

10. In his Answer, Mr. Brown asserted a counterclaim of $100,000 against Plaintiff. Mr. Brown's counterclaim simply asserts that it is for: "1) emotional distress, 2) trespass upon his chattels (property), 3) trespass upon lands, 4) unlawful conversion as the IRS has fraudulently had a private auction of my property without judicial authority to do so based on fraudulent liens and assessments, and has alleged buyers file deeds against my property

clouding the title and causing unlawful conversion." (Def.s' Ans., at 4.) Mr. Brown's counterclaims sound in tort. "As a sovereign, the United States is immune from suit unless it consents to be sued." White-Squire v. United States Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010) (citing United States v. Mitchell, 445 U.S. 535, 538, 100 S. Ct. 1349, 63 L. Ed. 2d 607 (1980)). The Federal Tort Claims Act ("FTCA"), in certain circumstances, waives this immunity, permitting an individual to sue the United States for damages based on torts committed by federal employees. See F.D.I.C. v. Meyer, 510 U.S. 471, 475-76 (1994) (citing 28 U.S.C. § 1346(b)). But, the FTCA excludes "any claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c). However, a claim based on alleged damages arising out of tax *collection* activities may be brought under 26 U.S.C. § 7433. Mr. Brown's counterclaims appear to relate to alleged fraudulent tax assessments and liens, and, as such, do not establish a claim under § 7433. Even if any of Mr. Brown's counterclaims could be construed as being related to the collection of taxes, he has not alleged that he has complied with the exhaustion requirements of § 7433 and the corresponding regulations found at 26 C.F.R. § 301.7433-1(e). The Third Circuit has held that failure to exhaust the administrative remedies in § 7433 deprives a district court of jurisdiction. See Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994). Therefore, even assuming that Plaintiff waived its immunity with regard to any of Mr. Brown's counterclaims, which this Court has not so found, Mr. Brown has failed to exhaust his administrative remedies, and this Court is without jurisdiction over these claims. Mr. Brown's counterclaims are dismissed.

Accordingly, it is on this 17th day of March, 2010,

**ORDERED** that Plaintiff's motion for summary judgment against Defendant Reginald Brown (CM/ECF No. 22) is GRANTED; and it is further

**ORDERED** that Plaintiff is liable to the United States for his unpaid federal income taxes for the years 2003 and 2004, plus interest and penalties. The amount owed as of February 8, 2010, is $60,175.05. Interest will accrue on these liabilities according to the law; and it is further

**ORDERED** that the United States has enforceable tax liens on the real property located in Middlesex County at 325 Leslie Avenue, Piscataway, New Jersey; and it is further

**ORDERED** that, pursuant to the stipulation entered between the United States and Wells Fargo Bank (see CM/ECF No. 16), the United States has the second priority interest in the real property located in Middlesex County at 325 Leslie Avenue, Piscataway, New Jersey ; and it if further

**ORDERED** that the United States shall file within sixty (60) days an appropriate order of sale; and it is further

**ORDERED** that Mr. Brown's counterclaims against Plaintiff be dismissed; and it is further

**ORDERED** that the Clerk of the Court shall enter judgment in favor of the United States and against Reginald Brown in accordance with this order and close this file in this matter.

_____
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE